UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 22-179 |
| | * | |
| VERSUS | * | SECTION: "A" |
| | * | |
| CHRISTOPHER SMITH | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | |
| | * | |
| | * | |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Rec. Doc. 49)** and **Motion for Entry of Default (Rec. Doc. 60)**, both filed by Christopher Smith. The Government has opposed the Motion to Vacate. The Court takes up the motions on the briefs, finding no need for an evidentiary hearing. For the reasons that follow, both motions are **DENIED**.

On August 12, 2022, Christopher Smith was indicted by a grand jury pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for possessing a firearm as a convicted felon. On August 24, 2022, he made his first appearance before Magistrate Judge North, and on August 26, 2022, he had his arraignment. On October 25, 2022, Smith, who had been appointed counsel, changed his plea at a re-arraignment, pleading guilty before the Court. On January 17, 2023, he was sentenced to a guideline term of imprisonment of 87 months for the crime charged. On December 21, 2023, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting various claims, including that this Court lacked subject-matter jurisdiction over him, "fraud upon the court," and violations of due process. (Rec. Doc. 49). On March 1, 2024, the Government filed an opposition, and on May 6, 2024, Smith filed a reply. On May 6, 2024, Smith also filed a motion for entry of default against the Government.

1

Having reviewed the motion to vacate, the Government's opposition, and the relevant law, the Court concurs with the reasoning provided by the Government.

First, Smith challenges his incarceration on the grounds that this Court lacked subject-matter jurisdiction. (Rec. Doc. 49, at 4). Specifically, he claims that the Court does not have Article III authority to act. (*Id.*). He raises this issue for the first time here. This challenge is meritless. 18 U.S.C. § 3231 provides district courts with exclusive original jurisdiction "of all offenses against the laws of the United States." The offenses in this matter fall within that category, and therefore Smith's challenge on this basis is denied.[1]

Smith next challenges his sentence on the grounds that there existed "fraud upon the court," in which he states that the Court tricked him, treated him as a corporation, and committed other alleged violations. (Rec. Doc. 49, at 5). These grounds derive from what is known as the "sovereign citizen" movement. *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."). Such arguments have consistently been rejected in this circuit. *E.g.*, *Askey v. United States*, No. 22-10914, 2023 WL 1775656 (5th Cir. Feb. 6, 2023) (citing 5th Cir. R. 42.2); *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam); *Vassar-El v. Louisiana*, No. 20-90, 2020 WL 5505859, at *1 (E.D. La. Feb. 18, 2020); No. 19-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019); *El v. United States*, No. 21-968, 2021 WL 4148118, at *4 (E.D. La. Sep. 13, 2021). This Court agrees that Smith's contentions fall within the sovereign citizen movement and are frivolous. The legal theory has been rejected consistently, is legally baseless, and is "fanciful, fantastic, and

---

[1] Smith later filed an application for entry of default under Federal Rule of Civil Procedure 55 because the Government did not respond to this ground of his motion. Federal Rule 55, however, does not cover the failure to explicitly oppose grounds in a motion. Any challenge under Rule 8 similarly fails. Regardless, this Court finds that the Government did adequately respond in its opposition in Section 1 of its Law and Argument section.

delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted). Accordingly, Smith's challenge on this basis is denied.

Finally, Smith challenges his sentence on the grounds of due process of law violations, specifically alleging that he did not receive notice of Indictment proceedings, was denied the right to defend himself, denied discovery, denied the right to confront witnesses, and denied the chance to obtain witnesses in his favor. (Rec. Doc. 49, at 7). These allegations, however, are false. During his initial appearance in Magistrate Court, he was advised of his rights and provided a copy of his Indictment. (Rec. Doc. 9). He then appeared for his arraignment, at which he plead not guilty and was advised of the charges included in the Indictment. (Rec. Doc. 17). He subsequently plead guilty, and at his re-arraignment waived his reading of the Indictment, which was then summarized. (Rec. Doc. 28). At that time, the Court advised Smith of his rights under the Constitution, all of which Smith stated he understood, and he ultimately knowingly waived those rights. (Rec. Doc. 54-1, at 8-11). He also admitted that he had received a copy of the Indictment. (*Id.* at 2:23-25). At his sentencing, Smith was again questioned and stated that he had no objections to the pre-sentence report. (Rec. Doc. 54-2, at 2:25-3:12). Smith's due process claims are without merit; he received notice of his Indictment and knowingly waived all rights that he claims were violated. Therefore, Smith's challenge on this basis is denied.

Additionally, his claims are procedurally barred; to challenge under section 2255, a defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). Cause is shown through "an objective impediment that is external to his defense," which prevented the defendant from directly appealing on that ground. *United States v. Rodney*, No. 10-

102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (citing *United States v. Flores*, 98 F.2d 231, 235 (5th Cir. 1993)). Prejudice is shown by "an actual and substantial disadvantage, infecting [the defendant's] entire [proceedings] with error of constitutional dimension." *Id.* (quoting *Shaid*, 937 F.2d at 233) (second alteration in original).

Smith has failed to argue either cause or actual prejudice. Throughout his petition, he only states that due diligence recently afforded him the remedy. This is not an objective impediment that precluded him from challenging his conviction. He has also failed to establish that a constitutional defect led to disadvantage during the pendency of his matter. Therefore, his motion under section 2255 is procedurally barred.

Accordingly;

**IT IS ORDERED** that Christopher Smith's **Motion to Vacate Under 28 U.S.C. 2255 (Rec. Doc. 49)** is **DENIED**.

**IT IS FURTHER ORDERED** that Christopher Smith's **Motion for Entry of Default (Rec. Doc. 60)** is **DENIED**.

August 26, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE